Good morning, gentlemen. The case before this court involves a question of which sentencing provision of the Foyd handgun when his Foyd card was revoked due to an order of protection that had since expired. Section 14B of the Foyd Act makes it a Class A misdemeanor if the defendant does not possess, quote, a currently valid Foyd card but is otherwise eligible under the Act. It is our position that this is precisely the situation that the defendant in this case found himself in. He had an order of protection against him, a civil order of protection that naturally expired on February 14, 2011. That evening, February 14, 2011, is when he was arrested for possession of a handgun. Now, you urge us to come to that conclusion by applying the rule of lenity. Is that correct? That is correct, Your Honor. But before we apply the rule of lenity, aren't there other principles of statutory construction that need to be applied, counsel? There are, Your Honor. Okay. And so one of them is certainly to construe a statute as a whole so that none of the penalty provisions would be rendered meaningless or superfluous, correct? Correct. And another principle would be to look at the provisions to see which is the more general and which is the more specific. Is that also correct? That is also correct. So if we start with the first one and look at whether these provisions or if they're read together, whether any of them are rendered superfluous or meaningless, if we apply the words not and not otherwise eligible to C-1, those words do not appear in 14C-1, right? They do not. Okay. But they do appear in 14C-3, correct? Correct. So that if we were to follow your suggestion, we would be writing C-1 out of the statute. Justice Sanoff, I do not believe you'd be writing it out of the statute only because of the fact that under Section 8 of the FOID Act, there are many enumerated reasons for revoking somebody's ability to have a FOID card. In this specific instance, because of the set of circumstances involved, our position is it would take it out of C-1 because of the fact that Section B would be applicable. Those two can be read in conjunction and be consistent. However, with this fact pattern, both of these sections apply. Let me ask you this question. How does the state police know that his order of protection is no longer in existence? Your Honor, they have a copy of the order, but according to the statute under this act as well as the Domestic Violence Act, it is the obligation of the person that had the FOID card to notify them. Correct. So is this not akin to somebody who had their driver's license suspended, say as a result of three moving violations, and then they have to apply to have their driver's license reinstated, correct? Your Honor... So if they didn't apply to have their driver's license reinstated and they get stopped, do they have a valid driver's license? Your Honor, they do not have a valid driver's license, and I'm certainly not arguing in this case that he at the time had a valid FOID card. Section B, however, says somebody that does not possess a currently valid FOID card but is otherwise eligible. Section 6303, the driving without a license suspended revoked statute, I am not aware of any alternative provision as far as what the possible penalty can be in that situation. But isn't the language in C-1 more specific regarding the revocation? In other words, in B, it says when a person does not possess a currently valid FOID card, C tells us it's not valid because it was revoked under Section 8. That's more specific, isn't it? So then we'd need to look to C-1 as being the applicable provision. Your Honor, and I would argue in this case, under these facts, the rule of lenity, because of the fact that Section B, that the requirements under Section B fit this fact pattern, fit this defendant. I would agree with you that Section C-1 is specific, but I think it's specific as applied to the other sections that are in Section 8. I'm sorry. Specific as, say that one more time, as to the other subsections, the enumerated list of reasons why you can have your FOID card revoked under Section 8. Yes. I believe that that Section C-1 applies to those reasons. There is an additional section that talks about the revocation of a FOID card for an order of protection. That is 8.2. And in 8.2, I believe that just mirrors the language of, this is Section 214B-14.5 of the Illinois Domestic Violence Act, that is specifically regarding orders of protection. And in this case, it says that there's a, the respondent is prohibited, that has an order of protection, is prohibited from possessing any firearms during the duration of the order. And it goes on to say that any firearm owner's identification card in the possession of the respondent, except as provided in Subsection B of that act, which deals with peace officers, shall be ordered by the court to be turned over to the local law enforcement agency. It concludes by saying the period of safekeeping shall be for the duration of the order of protection, the firearm or firearms and firearm owner's identification card, if unexpired, shall at the end of the order of protection be returned to the respondent. Right. So whose burden is that to get that returned to them? It is the respondent's, in this case the defendant's, burden. But so how are you saying we're to use that section? How does that help us? I think Section 8.2 essentially mirrors that language, stating that once, if there's an firearm, it's the respondent's responsibility to return the firearm and the FOIP card to the authorities. Okay. So that was done. But now, then what? And once the order of protection expires, this is found in the testimony of Master Sergeant Willner of the state police that testified in this case. It's also found in the statutes that I've just read. Once that order of protection expires, it's upon the respondent to notify the authorities that the order of protection has expired and then the FOIP card is at that point reinstated. Right. I think it would be hard to disagree with that. But when we're looking at statutory construction and how to interpret and read these statutes together, how does that help us in deciding which of these statutes applies? I would just say that that helps because of the specific fact pattern in this case makes, even though there's been a revocation, it falls under Section B as well as Section C. And I believe there would be a very harsh and a very unjust result in this case simply because somebody did not pick up the phone and notify the authorities that this order of protection had expired, that all of a sudden this now goes from a Class A misdemeanor to a nonprobational Class 3 felony. I guess I should probably ask your opponent this, but under what other situations would it be a Class A as opposed to? If a card is expired and it's not renewed, but you're still eligible for it. If you never got one, but you were eligible for one, those are misdemeanors as well. In fact, if a card is expired and I think it's less than six months under today's law, that is just a petty offense if it is reinstated within the six-month period of time. Justice Ginsburg, do you have any questions? Thank you. Your Honors. Let me ask one question, just to clarify something that you said. I thought you were saying that C-1 only applies to where the grounds for the revocation is under Section 8, and you said that if it is for a reason of an order of protection, it's under 8.2. Your Honor, it's specifically spelled out in Section 8.2. There is like a catch-all provision in Section 8, subsection N, which says that if it's somehow violative of any state or federal law, and I could understand the argument that that would then pull in Section 8.2 under Section 8, and that would be then applicable. Okay. All right, thank you. Your Honors, this Court has recognized that a literal interpretation of the statute which defeats the obvious intent of the legislature and results in great injustice or leads to an absurd result is not controlling. That is People v. Smith. It's a Second District case from 2013. I would argue that under the facts of this case, if Section C is to be applied, it would result in a very unfair and unjust result. But just to go back a minute. Yes. In order to have it not apply, we really have to read language into it. We have to read the language and not otherwise eligible. So it's a felony if it's violative of 2A1 above when the FOID card is revoked under Section 8 and the person is not otherwise eligible. But, again, if we were to do that, we already have that in 14C3, so I don't know how we get around it. But I know you've articulated how you think we should, so. Okay. Thank you. Thank you. Mr. Jacobs, under what situations, if Section 14B doesn't apply in the situation that Mr. Reval has suggested, what is this section meant to apply to? It would seem, based on the plain language, to apply to exactly what Mr. Reval said, the situation where someone's FOID card had expired and they hadn't reapplied or they had never applied for a FOID card. That's the more general, obviously, of all of these penalty provisions. I'm sorry. What was your question again? When they would apply. Right. 14B would apply. When 14B would apply. Right. Based on the language, it appears clearly that that is the case where the card has expired and that person has never sought to have a new card or they've never applied and they're found in possession of a gun. So if they've never applied and they're found in possession of a gun, then it's a Class A because they are eligible to have. Correct. According to that language, yes. Okay. There's no prohibitor in the statute. Contrary to this situation where there clearly is a prohibitor and that does fall under Section 8 and the general provision saying possession of a gun or firearm or ammunition is prohibited by a state statute or federal statute, and then that tracks back to Section 8.2, which specifically prohibits someone who's had an order of protection, a current order of protection, either at the time of issuance or when it was currently valid. Okay. Is there any case or statutory authority that supports the position that this defendant remained ineligible once the order of protection expired? I mean, he was eligible, right? He was eligible to apply for review. That's the position that the state would take. It was not an automatic reading statement. There are cases, drug and alcohol license revoked, drug and alcohol license suspended cases that are analogous, that the court in this case actually did refer to in its ruling, but I didn't find any specific case law regarding the FOIA card. But B could theoretically apply to him based on the language in there. It's the state's position that C-1 is the correct provision. Of the two penalty provisions. And it seems to fit the fact pattern here better. He certainly wasn't otherwise eligible. He did well, one, he agreed he didn't have a valid FOIA card. He certainly wasn't otherwise eligible to have a FOIA card that he could apply and subject to review by the state police and approval. That applies to everyone. I mean, anybody. No one is eligible until the state police says they're eligible. If you read the section of the statute that he referred to, he would have been otherwise eligible because the order of protection had terminated, correct? Correct. So he's in a different position than I am, or I don't know what your FOIA card status is, but he's in a different position than I am. He does not have a FOIA card. I don't know that I'm eligible until I apply to the Secretary of State. The plain language of all the sections of section 9.5, 10C, all create a scheme where someone who's been revoked, particularly, of course everyone has to apply, but someone who's been revoked has to surrender their card, surrender their gun. In this case, that wasn't done. The defendant produced a letter, and he said that he believed it showed that he was reinstated. In fact, it showed that he was revoked. He received that, I believe, or it was mailed around November. The order of protection was extended until February 14th, I think, from October. So the state police were obviously notified sometime in October and sent him this letter, which was consistent with the language of section 10C. So the entire statutory scheme seems to be that someone who's been revoked, they don't have and they're not eligible under the act to have one until they've sought review. So you're saying the difference between somebody who was revoked and may be eligible versus someone who was never revoked and eligible. Yes. That's your distinction. That's the distinction. Okay. That's why the language is revoked. Revoked means revoked. But so you're saying he couldn't come under B because the language would have had to say revoked? I mean, in other words, he's not in possession of a currently valid void card. How could that not apply to him? He admits he wasn't currently in possession of a valid void card. Right. So that does apply. Well, that part does, but he's not otherwise eligible. I see what you're saying. Okay. So that part doesn't. So that would take him out of the realm of 14B, place him in 14C. Based on the plain language rather than even getting into statutory construction? Correct. Reading the entire statute, as I mentioned, Section 9.5, the surrender provision, Section 10C, which is the provision where someone who's been revoked has to seek review of the void, so under that statutory construction under the statute as a whole, it appears clear that this defendant was not otherwise eligible to have a void card. He was eligible to apply to have it reviewed. There could have been another prohibitor. In this case, there wasn't, but, you know, you can imagine a situation where there might have been another prohibitor. He picked up another offense, and the state police could have said no. In this particular case, he hadn't. He was eligible to reapply and could have obtained and, in fact, did obtain a void card until record of this offense made its way to the state police, and then he was revoked again for this offense. Does the fact that the state police did subsequently issue a void card, does that in any way indicate that he was eligible? I believe there was testimony from a believer, I don't know what her title, Officer Wilmer, that he was, in fact, eligible according to the state police records because they had no record of this charge at that time. So that he was eligible to apply? Yes. And that's all I'm arguing. He was eligible to apply for review. Right. He wasn't otherwise eligible to have a card until after the review. And the state police is the determining agency that determines whether a person is eligible? I believe so, yes. Under the act? I believe so, yes. I don't have the act in front of me, but I do think there's a provision that the person can also apply to the circuit court in certain circumstances. But, yeah, predominantly it is the state police, and I believe there was testimony in this case about the number and the process the state police use when reviewing orders of protection and issuing letters of revocation under 10C. So it's the state's position that this defendant was, this was properly applied to the defendant, and he was properly sentenced as a felon. And that this statutory scheme was specifically created to deal with this situation. It may seem unjust in one particular case, but the plain language and the provisions all support the idea, or the interpretation, rather, that this is to provide a greater penalty for persons who possess a firearm after they've been revoked. And that triggers a greater burden for someone who's been revoked. So if they have a firearm without the void card after being revoked, there's a greater penalty, and that is clear based on the plain language as well as the other provisions that we must read 14B and C in conjunction with. So you're saying during this review period that a person should know by reading the statute that they, even if they've applied for review and for reinstatement, that they cannot have a weapon in their possession. Is that right? Until they actually get something in writing saying you're eligible? I mean, is there something that is issued that says the person is eligible and then the card is reissued? Are there two stages? I didn't focus, actually, on those sections of this statute. I believe in this case under Section 10C, which is the procedure, a letter was received by the defendant issued sometime around November 8th of 2010 explaining to him what the requirements were to have his void reviewed and possibly reinstated. So, yes, there is something generated by the state police. I believe there's testimony, again, from Officer Wilmer regarding what the procedure was and that letter she was familiar enough that she could testify that letter was sent to this defendant. He, in fact, produced it for the officers who arrived at his house on November 8th. And did the letter say he was eligible to have it reissued? It did. I mean, did it use the word eligible? I couldn't say that for certain. It told him that he needed to reapply or have his void reviewed upon expiration of the word of protection. So it indicated the process. Indicated the process, and that's consistent with Section 10C. Okay, and what I was asking is specifically with regard to the process, once it's reviewed, where do they then say you're eligible? I mean, your point is that he wasn't eligible until they tell him he's eligible. When did they tell him he's ‑‑ when did they use the word eligible? I suppose they would use the word eligible, but it's not a fact in this case. Once they approve his void review. Once he reapplies. He reapplies and they approve the void review. A subsequent letter, that was not, you know, explained in this case. But he couldn't just assume without some sort of ‑‑ given the procedure listed in 10C, he couldn't just assume that he was then eligible to have a void card because he sent in an application. Why, because of the language in another section, you're saying? Yes. Because, I mean, the word eligible, the common meaning would be what? That he can do something. He can reapply or seek review. They haven't reinstated him. He can seek review to have the card reinstated. It is very analogous to a driver's license. When you're suspended or revoked for financial responsibility or moving violations, you don't automatically, and there's many, many cases, you don't automatically have a driver's license once you pay your financial responsibility or once you pay your tickets. You still have to reapply. In those cases, you pay a reinstatement fee. So I would just ask that, or say, the rule of lenity doesn't apply, and it certainly shouldn't apply to the exclusion of the clear statutory intent to do that. I could go back to 14B, and it says, you know, doesn't currently possess a valid card but is otherwise eligible. Under what circumstances, then, would someone be, quote, unquote, otherwise eligible? Again, if they have an expired card and they have no other prohibitors, no other? Correct, but how do you know? You don't know that you're eligible until the state police sends you a letter saying, we find you eligible, here's your FOID card, correct? So, I mean, is he any different in any different position other than the fact that he had been previously revoked? Is he in any different position than me, who has never had a FOID card, who should be eligible? I would think I'm eligible, but I wouldn't know until Secretary of State says, or the state police, excuse me, tells me, here's your FOID card, you're eligible, correct? It's the state's position that eligible in that section, or those sections, refers to the eligibility to apply. We all are eligible to apply. Okay, that makes sense. Okay, so you're looking at it as eligible, not eligible to have a FOID card, but eligible to apply for a FOID card. Both in 14.1B, or under any other provision, the 14C3, or 10C that delineates the procedure, you're eligible to apply, but until the state police approve it, and in fact, they send you a FOID card, you're not eligible to have a FOID card, just because you're a citizen. Correct, correct, okay. But you're reading those words, you're adding words to that statute that aren't there. You're adding the words to apply. I mean, that's not in there. It doesn't say eligible to apply, no. But the entire scheme, it does talk about seeking review, and the entire scheme, it is rendered, you know, I can never say superfluous, but 10C has no meaning. 9.5, it would render both of those provisions meaningless. Okay. I just said this, but again, the defendant's reading is actually contrary to that scheme in that plain language. If there are no further questions, the state reiterates that this defendant was properly penalized as a felon under 14C1. Anything further? No. Thank you. Thank you, counsel. Perfect timing. Mr. Ripa. Very briefly, I would disagree with the analysis that the statute, when it says otherwise eligible, means otherwise eligible for review. I think everybody understands that anybody is eligible for review. It doesn't necessarily mean anything. The statute that I previously cited from the Domestic Violence Act, the language in there, the firearm or firearms and firearms owner identification card, if unexpired, which this certainly was not expired, shall at the end of the order of protection be returned to the respondent. That does not appear to me that if the order of protection is expired and there are no other prohibitors, and there's no evidence in this case that there are any other prohibitors, that in any way that state police has some kind of discretion to say no, we are not going to reinstate your FOIA card. It's under what section? Your Honor, this is the Illinois Domestic Violence Act, 750 ILCS 60-214. B as in boy. Thank you. 14.5. I do not believe that the state police in this situation have. Master Sergeant Wilner, in her testimony, was precisely asked what the procedure was. She said that as long as it's brought to their attention that the order of protection is expired, they will do a background search to make sure that it's expired and make sure that there are no new charges that have come up, and then the FOIA card is reinstated. In fact, in this case, I picked up the telephone. I called him to find out what the status of his FOIA card was. She said, oh, it looks like the order of protection is no longer in place, and I think within a week he had his FOIA card back. So I don't think that the structure set up here gives discretion, at least in these situations, gives much discretion to the state police as far as determining whether or not the FOIA card will be reinstated. I think that they have to assure the fact that all of the other background information is in comports with what is required under the statute and to show that the order of protection has expired. But other than that, I think, based on her testimony, based on the statute that I just read, I don't think that there's a further process than that. Anything further, Justice Spence? No, thank you. Thank you very much. Gentlemen, thank you very much for your interesting argument here today. This case will be taken under consideration, and a decision will be rendered in due course. Have a great day.